# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORRAINE R. KELLEY,<br><br>                  Plaintiff,<br>  vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                  Defendant. | CASE NO. 13cv1125-LAB-KSC<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITHOUT PREJUDICE** |

Dorraine R. Kelley filed this case on May 10, 2013, along with a motion to proceed in forma pauperis. The Court denied the IFP motion without prejudice because Ms. Kelley's affidavit did not clearly demonstrate that she met the standard to avoid paying the Court's filing fee. In the same order, the Court denied a motion for appointment of counsel. Now pending is Ms. Kelley's renewed IFP motion.

**I.    IFP Motion.**

The Court denied Ms. Kelley's first IFP motion because she did not demonstrate that, if required to pay the filing fee, she would not be able to provide her dependants with the necessities of life. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). By providing more detail in her renewed IFP motion, Ms. Kelley has made this showing. She has not worked since October 1990. Her husband earns $1,400 per month. At the time of filing, Ms. Kelley had a balance of $40 in her checking account, no savings or

1 investments, and an old Ford F-150, which according to Ms. Kelley is worth $1,400. She and
2 her husband support two children and owe thousands of dollars in various debts, including
3 credit cards and unpaid rent. She fears that, if required to pay the fee, she would be unable
4 to meet rent obligations and may be evicted from her apartment, and says in the IFP motion
5 that paying the fee would "be taking food right out of the mouths of my kids." (Dkt. No. 5 at
6 4.) Ms. Kelley's IFP Motion is, therefore, **GRANTED.**

## II.     Initial Screening

Under 28 U.S.C. § 1915(e), the Court must screen each civil action commenced pursuant to 28 U.S.C. § 1915(a) and dismiss it if the Court finds it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 45 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim). The Court finds that the Ms. Kelley's claim is not frivolous or malicious and does not seek monetary relief from an immune defendant, but does fail to state a claim upon which relief can be granted. It fails for two reasons in particular.

### A.     Exhaustion of Remedies

Under the Social Security Act, a claimant may seek review of a "final decision" of the Commissioner of Social Security. 42 U.S.C. § 405(g); *Sims v. Apfel*, 530 U.S. 103, 106 (2000). For a decision regarding social securities benefits to be "final," the claimant must have exhausted her administrative remedies by seeking review from the Social Security Appeals Council. *Sims*, 530 U.S. at 106-107. If the claimant does not request review, there is, in most cases, no final decision that a district court may review. *Id.* at 107. A decision may become a final one regardless of whether the Appeals Council grants or denies review, so long as the claimant sought review. *See id.* at 106.

Based on Ms. Kelley's complaint, it is unclear whether she has exhausted her administrative remedies. Her complaint states that she has applied for benefits and been

denied three times, but it is unclear whether she sought appeals of those decisions, or which case she appeals now. The complaint also states, "I would like to have my case go before the judge again–so I can present the new facts I have concerning my disability. In all the paperwork I received–not all my facts were weighed out. My new evidence was never reviewed." (Dkt. No. 1 at 2.) Ms. Kelley does not make clear whether the new facts and evidence were not allowed in administrative hearings, or if there is new information that would need to be evaluated first in the Social Security Administration before it could be litigated in this Court.

### B. Failure to State a Claim

In order to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain facts that, taken as true, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if the facts alleged allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility means that, given the allegations in the complaint, it is more than a "sheer possibility that a defendant has acted unlawfully." *Id.*

To qualify for Social Security benefits, the claimant must show that he or she can't work or "engage in any substantial gainful activity" because of medically determinable physical or mental impairments that may result in death or are likely to last for more than a year. 42 U.S.C. § 1382c(a)(3)(A); *see also Martinez v. Astrue*, No. 12-cv-634-SMS, 2012 WL 1416802, at *1 (E.D. Cal. 2012). A claimant may qualify for benefits if her impairments are so severe that she is not able to engage in her previous work and cannot, due to age, education, and work experience, partake in other gainful work "which exists in the national economy." *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).

Ms. Kelley states in her complaint that she is unable to work and support her family, and that she feels her case should be reviewed by this Court; however, the complaint does not allege any specific facts, such as diagnoses from physicians, that indicate that she cannot work or engage in gainful activity. Rather, Ms. Kelley simply states, without giving

1 reasons, that she cannot work. The Court cannot evaluate whether Ms. Kelley has a
2 plausible claim entitling her to social security benefits because she does not allege facts that
3 provide the basis for her claim. Therefore, her complaint in its current form does not state
4 a claim upon which relief can be granted.

**III.   Conclusion**

Though Ms. Kelley has demonstrated that she should be allowed to proceed IFP, it is unclear whether she has exhausted her administrative remedies and her complaint is simply pled inadequately. The complaint is, therefore, **DISMISSED WITHOUT PREJUDICE.** She may file an amended complaint curing these deficiencies within thirty (30) days of the date of service of this order.

**IT IS SO ORDERED**.

DATED: June 20, 2013

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge